UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEORGE JOHN KUCHMA,

                          Plaintiff,

v.                                                   6:19-CV-0766
                                                      (GTS/TWD)

CITY OF UTICA; JOHN ABEL, Police Sgt.; and
UTICA POLICE DEPARTMENT,

                          Defendants.
_____

APPEARANCES:                                                OF COUNSEL:

GEORGE JOHN KUCHMA
  Plaintiff, *Pro Se*
905 Saratoga Street, Apt. 3
Utica, New York 13502

HON. WILLIAM M. BORRILL                          ZACHARY C. OREN, ESQ.
Corporation Counsel for City of Utica                First Assistant Corporation Counsel
  Counsel for Defendants
1 Kennedy Plaza, 2nd Floor
Utica, New York 13502

GLENN T. SUDDABY, Chief United States District Judge

# **DECISION and ORDER**

       Currently before the Court, in this *pro se* civil rights action filed by George John Kuchma ("Plaintiff") against the City of Utica, John Abel, police sergeant, and the Utica Police Department ("Defendants"), is United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e) "with leave to replead" (i.e., with leave to file a sufficient Amended Complaint before his action is dismissed with prejudice). (Dkt. No. 4.) Plaintiff did not submit

an Objection to the Report-Recommendation, and the deadline in which to do so has expired. (*See generally* Docket Sheet.) Instead, after the expiration of the deadline, Plaintiff attempted to file an Amended Complaint. (Dkt. No. 9.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation:[1] Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds only the following analysis.

Rather than file an Objection to the Report-Recommendation, Plaintiff waited for the objection period to expire and then attempted to file an Amended Complaint. This act has complicated matters because, even assuming Plaintiff had an absolute right to file such an Amended Complaint under Fed. R. Civ. P. 15(a)(1) despite that he had not yet served his Complaint,[2] an amended complaint supersedes an original complaint in all respects.[3] This means

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

[2] Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course ***within*** . . . 21 days after serving it . . . ." Fed. R. Civ. P. 15(a)(1)(A) (emphasis added). Here, Plaintiff never served his Complaint; thus, he is arguably not yet ***within*** the 21-day window in which he may filed an Amended Complaint as a matter of course. *Compare Morris v. New York State Gaming Comm'n*, 18-CV-0384, 2019 WL 2423716, at *4 (W.D.N.Y. March 14, 2019) ("Because Plaintiff never served the original

that, arguably, Plaintiff's Amended Complaint has partially mooted Magistrate Judge Dancks'

Report-Recommendation, which analyzed Plaintiff's *original* Complaint.

Out of a desire for judicial efficiency, the Court is tempted to apply the recommendations in the Report-Recommendation to Plaintiff's Amended Complaint. However, the Court is mindful of the Second Circuit's admonition that a *pro se* plaintiff's request to amend his complaint when a motion to dismiss is pending should be denied only without prejudice, or perhaps stayed, until he has had the benefit of the district court's ruling on the motion to dismiss.[4]

For all of these reasons, the Court has chosen to apply Magistrate Judge Dancks' Report-Recommendation to Plaintiff's original Complaint while deeming Plaintiff's Amended Complaint as a *proposed* Amended Complaint (out of special solicitude to Plaintiff as a *pro se*

---

Complaint, the 21-day time limit to file an amended complaint under Rule 15(a)(1)(A) never **commenced**.") (emphasis added) *with Henderson v. Wells Fargo Bank, NA*, 13-CV-0378, 2015 WL 630438, at *2 (D. Conn. Feb. 13, 2015) ("Fed. R. Civ. P. 15(a) provides that a 'party may amend its pleading once as a matter of course within . . . 21 days after serving it.' Because Plaintiff has not yet served Defendant with the complaint, her motion is granted although unnecessary because leave of the Court is not required.").

[3] *See Int'lControls Corp. v. Vesco,* 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect."); 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1476, at 556-57 (2d ed. 1990) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified."); *cf.* N.D.N.Y. L.R. 7.1(a)(4) ("[T]he proposed amended pleading . . . will supersede the pleading sought to be amended in all respects.").

[4] *See Cresci v. Mohawk Valley Community College*, 693 F. App'x 21, 25 (2d Cir. June 2, 2017) ("The court's criticism of Cresci for failure to submit a proposed amended complaint before learning whether, and in what respects, the court would find deficiencies was unjustified, and the court's denial of leave to replead, simultaneously with its decision that the complaint was defective, effectively deprived Cresci of a reasonable opportunity to seek leave to amend.").

civil rights litigant), and holding that proposed Amended Complaint in abeyance pending confirmation from him that it is indeed the Amended Complaint on which he wishes to proceed.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) **shall be *sua sponte* DISMISSED with prejudice** and without further Order of this Court **UNLESS**, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files an **AMENDED COMPLAINT** correcting the pleading defects identified in the Report-Recommendation; and it is further

**ORDERED** that, more specifically, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff shall do one of the following two things: (1) notify the Court in writing that his proposed Amended Complaint (Dkt. No. 9) is indeed the Amended Complaint on which he wishes to proceed, or (2) file a revised Amended Complaint; and it is further

**ORDERED** that, upon Plaintiff's fulfillment of one of the conditions set forth in the preceding paragraph (or, in the absence of his fulfillment of either condition, after the passage of thirty days), Plaintiff's operative Amended Complaint shall be referred to Magistrate Judge Dancks for review of its pleading sufficiency pursuant to 28 U.S.C. § 1915(e) (as well as her management of pretrial matters).

Dated: October 11, 2019
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge