UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEORGE JOHN KUCHMA,

                               Plaintiff,

                                                            6:19-CV-0766
v.                                                          (GTS/TWD)

CITY OF UTICA; JOHN ABEL, Police Sgt.; and
UTICA POLICE DEPARTMENT,

                               Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

GEORGE JOHN KUCHMA
  Plaintiff, *Pro Se*
905 Saratoga Street, Atp. 3
Utica, New York 13502

CITY OF UTICA CORPORATION COUNSEL              ZACHARY OREN, ESQ.
  Counsel for Defendants
1 Kennedy Plaza, 2nd Floor
Utica, New York 13502

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by George John Kuchma

("Plaintiff") against the City of Utica, Police Sergeant John Abel, and the Utica Police

Department ("Defendants"), are (1) United States Magistrate Judge Thérèse Wiley Dancks'

Report-Recommendation recommending that Plaintiff's Amended Complaint be dismissed with

prejudice for failure to state a claim, and (2) Plaintiff's Objection to the Report-

Recommendation.  (Dkt. Nos. 11, 12.)  For the reasons set forth below, the Report-

Recommendation is accepted and adopted in its entirety.

## I.      RELEVANT BACKGROUND

### A.      Magistrate Judge Dancks' Report-Recommendation

Generally, in her Report-Recommendation, Magistrate Judge Dancks renders the

following six findings of fact and conclusions of law: (1) Plaintiff's Amended Complaint (Dkt.

No. 9) should be deemed to be the operative pleading in this action because he has failed to

respond to the Court's prior directive that he notify it if he wishes to proceed on his proposed

Amended Complaint or file a revised Amended Complaint; (2) Plaintiff's claims against the

Utica Police Department should be dismissed because a police department is merely an

administrative arm of the municipality in which it exists and lacks a legal identity separate and

apart from that municipality; (3) Plaintiff's false arrest claim should be dismissed because his

factual allegations plausibly suggest that Defendant Abel had "at least arguable probable cause"

to arrest him for criminal trespass; (4) Plaintiff's excessive force claim should be dismissed

because Defendant Abel is protected from liability as a matter of law (with regard to that claim)

by the doctrine of qualified immunity (given that the law regarding excessive force and handcuffs

was not clearly established at the time the incident occurred); (5) Plaintiff's municipal liability

claim against the Utica Police Department should be dismissed because it is supported by only

conclusory allegations that the Department has a custom or policy of using excessive force; and

(6) Plaintiff should not be given leave to amend his defective claims because he has already been

given such leave, and because the defects in his claims are substantive and not merely formal.

(Dkt. No. 11, at Part II.)

### B.      Plaintiff's Objection to the Report-Recommendation

Generally, in his Objection, Plaintiff argues that Magistrate Judge Dancks erred in

recommending the dismissal of his excessive force claim because she construed that claim as

being based on the way Defendants' "tightening" of the handcuffs caused his lacerations, while

in fact that claim is based on the way Defendants' thrusting of those handcuffs "several hard

[times] . . . , in an upward and outward direction" (without "any legitimate law enforcement

purpose") caused those lacerations.  (Dkt. No. 12.)

## II.    STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-

recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)©).  To be "specific," the objection must,

with particularity, "identify [1] the portions of the proposed findings, recommendations, or report

to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).[1]  When

performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C.

§ 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that

could have been, but was not, presented to the magistrate judge in the first instance.[2]  Similarly, a

---

[1]        *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]        *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not

district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error*

---

abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

review.[3]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court

subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P.

72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error"

review, "the court need only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation."  *Id.*[4]

 After conducting the appropriate review, the Court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §

636(b)(1)(c).

## III. ANALYSIS

 After carefully reviewing the relevant papers in this action, including Magistrate Judge

Dancks' thorough Report-Recommendation, the Court can find no error in the sole portion of the

Report-Recommendation to which Plaintiff has specifically objected (i.e., Magistrate Judge

Dancks' recommendation regarding Plaintiff's excessive force claims) and no clear error in the

remaining portions of the Report-Recommendation: Magistrate Judge Dancks employed the

---

 [3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers
or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or
Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F.
Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely
constitute a "rehashing" of the same arguments and positions taken in original papers submitted
to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL
3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*,
07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte
v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe,
J.).

 [4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July
31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report
to which no specific objection is made, so long as those sections are not facially erroneous.")
(internal quotation marks and citations omitted).

proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds only four brief points.

First, the Court rejects Plaintiff's argument that, as pled, his excessive-force claim is based on Defendants' thrusting of handcuffs "*several* hard [times] . . . , in an upward *and outward* direction" (without "any legitimate law enforcement purpose"). (Dkt. No. 12, at 2.) In fact, as pled, his excessive-force claim is based on the following factual allegations:

> [Defendant Abel] tightly applied hand cuffs . . . [and] then pulled up on the hand cuffs with such force as to cut into the skin of my left wrist. . . . When the booking officer removed the handcuffs he commented they were bloody. . . . This incident was witnessed at the arrest scene by [Defendant] Abel. . . . Defendant Abel tightly applied handcuffs and then violently exerted upward force causing deep lacerations upon Plaintiffs [sic] left wrist.

(Dkt. No. 9, at ¶¶ 12, 13, 16, 17, 26 [Plf.'s Am. Compl.].) Conspicuously missing from these factual allegations are any factual allegations plausibly suggesting that the thrusting occurred multiple times, in an outward direction, and/or without any legitimate law enforcement purpose.[5]

Second, the Court perceives no material distinction (at least for the purpose of the application of the doctrine of qualified immunity) between a claim that is based on the way a defendant's alleged "tightening" of handcuffs caused a plaintiff's wrist lacerations and the way a

---

[5]     The Court notes that Plaintiff's Amended Complaint alleges that, after the handcuffs were applied and before they were pulled up, Plaintiff's face was against a table top and his stomach was against a table edge, plausibly suggesting that he needed to be straightened up to be escorted to the patrol car. (Dkt. No. 9, at ¶ 12.) The Amended Complaint also alleges that, at that moment, he stated three times aloud, "I will leave," plausibly suggesting he was indicating an intent to leave. (*Id*.) These factual allegations undermine the reasonableness of any implication in the Amended Complaint that there was no legitimate law enforcement purpose for Defendant Abel's alleged effort to pull on the handcuffs.

defendant's alleged forceful thrusting of tight handcuffs in an upward fashion caused a plaintiff's

wrist lacerations. This is particularly the case here, where also conspicuously missing from

Plaintiff's Amended Complaint are any factual allegations plausibly suggesting that, before or

during the moment Defendant Abel was allegedly pulling up on Plaintiff's tight handcuffs,

Plaintiff informed Defendant Abel that the handcuffs were too tight and/or were cutting into his

wrists. (*See generally* Dkt. No. 9.)

Third, to the extent that Plaintiff's verification at the end of his Objection constitutes an

attempt to introduce new evidence during the objection phase of the report-recommendation

procedure (i.e., through converting that Objection into a declaration), the Court rejects that

attempt for each of two reasons: (1) evidence is immaterial during a failure-to-state-a-claim

analysis; and (2) even if such evidence were material, its introduction during the objection phase

of the report-recommendation procedure would frustrate the purpose of the Federal Magistrate

Act of 1968. *See, supra,* note 2 (and accompanying text) of this Decision and Order.

Fourth, and finally, to the extent that Plaintiff's "several" and "outward" allegations in his

Objection are intended to amend the allegations of his Amended Complaint, the Court rejects

that attempt also for each of two reasons: (1) he has already been provided, and availed himself

of, a reasonable opportunity to amend his operative pleading in this action; and (2) in any event,

the new factual allegations are not consistent with the factual allegations of his Amended

Complaint.[6]

---

[6]    *See Donhauser v. Goord*, 314 F. Supp.2d 119, 212 (N.D.N.Y.) (Sharpe, M.J.)
("[I]n cases where a *pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the
court to consider materials outside of the complaint to the extent they "are consistent with the
allegations in the complaint.") (collecting district court cases), *vacated on other grounds*, 317 F.
Supp.2d 160 (N.D.N.Y.2004) (Hurd, J.).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 11) is

**ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 9) is **DISMISSED with**

**prejudice**.

The Court certifies that an appeal from this Decision and Order would not be taken in

good faith.

Dated: February 28, 2020
         Syracuse, New York


Hon. Glenn T. Suddaby
Chief U.S. District Judge